IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES SPRINGER,

                Plaintiff,

v.                                                          OPINION and ORDER

MS. BARKER, JOAN HANNULA, M.D.,              18-cv-747-jdp
and J. KUEHN

                Defendants.

---

Pro se plaintiff James Springer, an inmate incarcerated at Stanley Correctional Institution, has filed a complaint alleging that defendants, all employees at the prison, ignored his medical needs. Dkt. 1. He has made an initial partial payment of the filing fee for this action as ordered by the court.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

After reviewing Springer's filings with these principles in mind, I conclude that Springer has failed to state a claim against defendants because he does not explain what role each defendant had in the events he discusses. But I will allow him an opportunity to file an amended complaint clarifying what each defendant did.

Springer has also filed a motion for appointment of counsel, Dkt. 4, which I will construe as a motion for assistance in recruiting counsel. I will deny the motion without

prejudice. If I allow Springer to proceed on any claims after receiving his amended complaint, then he may file a new motion for assistance of counsel, provided that he first attempts to recruit counsel on his own and that he shows that he cannot litigate this case himself.

ALLEGATIONS OF FACT

I draw the following facts from Springer's complaint, and I accept them as true at the screening stage.

On October 25, 2017, Springer injured his shoulder at work. As a result of the injury, he was "in serious pain and hurting constantly." He repeatedly told staff at the Health Services Unit that he was in serious pain, but it took 21 days before he was diagnosed with a dislocated shoulder. After being diagnosed, Springer had to wait another 48 hours before being sent to Gunderson Health for treatment.

All staff in the Health Services Unit were hired and approved by Cathy Jess.

ANALYSIS

A. Screening of the complaint

Springer's does not specify an exact legal theory for his claims, except to say that the health services unit doctor and nurses were "neglectful" while treating him. I construe his complaint to be making claims for deliberate indifference in violation of the Eighth Amendment and state-law negligence.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a deliberate indifference claim, Springer must allege that each defendant was

aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A serious medical need is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). Delay in treatment may constitute deliberate indifference if the delay unnecessarily prolongs the prisoner's pain. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Wisconsin law defines medical negligence as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 227 Wis. 2d 124, 595 N.W.2d 423, 435 (1999); *Schuster v. Altenberg*, 144 Wis. 2d 223, 424 N.W.2d 159, 161–62 (1988). Like all claims for negligence, a claim for medical malpractice includes the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) harm to the plaintiff. *Paul v. Skemp*, 2001 WI 4217, 242 Wis. 2d 507, 625 N.W.2d 860.

Here, Springer alleges that he complained for three weeks that he was in pain, but that no one diagnosed his injury. However, Springer does not explain who he complained to, or what they did when he complained. The defendants are Ms. Barker, Joan Hannula, and J. Kuehn. But none of them are specifically mentioned in Springer's allegations. I cannot tell if the defendants are people that Springer told about his injury, people that diagnosed Springer, or people that treated Springer after his diagnosis. The only person that Springer mentions by name in his allegations is Cathy Jess. I know that Jess is now the Secretary of the Department of Corrections, and that during the time of Springer's allegations, she was the Deputy Secretary. But Springer is not suing Cathy Jess and he does not explain what relation she has to this case.

I will dismiss Springer's claims for failure to comply with Federal Rule of Civil Procedure 8, which requires a plaintiff to include in his complaint "a short and plain statement of the claim showing that [he] is entitled to relief." However, I will give Springer an opportunity to amend his complaint. If he chooses to do so, he must file an entirely new complaint that replaces his original complaint. Springer should explain specifically what each defendant knew about his medical condition, when they learned of it, and what they did or did not do to address his injury. He need not cite laws; he need only describe what each named defendant did.

If Springer does not provide an amended complaint by November 26, 2018, I will dismiss the case for his failure to state a claim upon which relief may be granted and assess him a "strike" under 28 U.S.C. § 1915(g).

**B. Recruitment of counsel**

Springer also moves for appointment of counsel. Dkt. 4. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent pro se plaintiffs in civil matters. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). So I will construe Springer's motion as a motion for assistance in recruiting counsel.

To prove that assistance in recruiting counsel is necessary, this court generally requires that pro se plaintiffs: (1) provide the names and addresses of at least three lawyers who decline to represent them in the case; and (2) demonstrate that theirs is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds their demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

I will deny Springer's motion for counsel because he has not met either requirement. First, Springer has not shown that he tried to contact any lawyers on his own. Second, he has not shown that he lacks the ability to litigate his claims. Springer argues that it will be difficult to investigate the case while incarcerated, that he has limited legal knowledge, and that he has limited access to the law library. Unfortunately, many pro se litigants face these difficulties, and they are not alone reasons to assist in recruiting counsel.

In any event, Springer does not need a lawyer for the next step. Right now, he needs to file an amended complaint that clearly states all the facts of his case. He does not need to conduct legal research; he only needs to explain what happened to him. After that, if I allow Springer to proceed with this case and he still believes that he is unable to litigate it himself, he may renew his motion. But if he files a new motion, he must show that he meets the two requirements explained above.

ORDER

IT IS ORDERED that:

1. Plaintiff James Springer's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until November 26, 2018 to file an amended complaint that provides a short and plain statement of a claim against each defendant. If plaintiff submits an amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case and assess a strike under 28 U.S.C. § 1915(g).

3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 4, is DENIED without prejudice.

Entered November 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge