IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES SPRINGER,

                 Plaintiff,

v.

JOAN HANNULA, LORRAINE SMITH,
PATTI HAZUGA, JEAN FELBER,
and SUE SAINDON,

                 Defendants.

OPINION and ORDER

18-cv-747-jdp

---

Pro se plaintiff James Springer, an inmate at Stanley Correctional Institution, alleges that defendant medical providers didn't give him adequate medical care after he injured his shoulder. He has filed a motion to compel discovery against defendants Joan Hannula, Lorraine Smith, Patti Hazuga, and Jean Felber, the four defendants employed by the Department of Corrections at the time of Springer's injury.[1] Dkt. 47. He asks me to require defendants to pay his costs to obtain copies of defendants' medical credentials from a state agency, to compel defendants to provide copies that Springer contends are in defendants' possession, or to compel defendants to produce affidavits containing their credentialing information. Springer is free to seek this information through further discovery, but he is not entitled to the specific relief he seeks in this motion.

---

[1] Defendant Saindon was a contract employee at the time of Springer's injury. Dkt. 29. Springer does not name Saindon in his motion to compel.

BACKGROUND

Springer served defendants with three sets of discovery requests concerning their credentials. In his first, he asked for "Medical Licenses, Registrations and qualified procedures and practices to perform under said Licenses and Registrations" for the period between October 25, 2017, and November 14, 2017. Dkt. 48-1, at 1. Defendants objected that the request was vague and that if Springer was requesting medical licenses of all prison medical employees and a list of every procedure they were authorized to perform, the request would be "overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 3.

Springer responded with a largely similar second request for "Valid Medical Licenses, Up to Date Registrations, Medical Licenses D[e]scription of Qualified Proc[e]dures and Practices performed under said Licenses and Registrations" for the period between October 25, 2017, and April 30, 2018. *Id.* at 4. Defendants responded that they had already addressed this request and reiterated their objections. *Id.* at 6.

Springer then stated in a third request that he sought only credentialing information that was maintained by the state Department of Safety and Professional Services (DSPS) on its website and that he sought credentialing information for the defendants only. Defendants then produced all of their credentialing information that was then available on the DSPS website. These documents stated that each defendant's license was active, stated the date through which each license was active, and stated the most recent renewal date for each license, among other information. Dkt. 48–2. Defendants told Springer that if he wanted more information regarding defendants' credentials, he would have to submit an open records request to the DSPS records custodian. Springer objected in a letter that the information

2

defendants provided regarding their credentials reflected the present date, not the dates he had requested. It does not appear that defendants responded to this letter.

While Springer and defendants were corresponding regarding this dispute, Springer submitted an open records requests to the DSPS records custodian. She denied Springer's request, citing a Wisconsin statute allowing an incarcerated person to inspect or copy only "a record that contains specific references to that person or his or her minor children." Dkt. 48-1, at 12 (quoting Wis. Stat. § 19.32(3)). She also told Springer that the defendants' credentials were "active with no restrictions." *Id.* Springer did not respond to her letter.

ANALYSIS

Springer asks me to order defendants to pay the cost of obtaining defendants' credentials from DSPS for the period between October 25, 2017, and June 30, 2018, or to compel defendants to produce copies of those credentials or affidavits stating their credentials. (He asks in the alternative that I compel the DSPS records custodian to produce copies of these credentials, but he provides no grounds for this request, so I will not consider it.) Defendants respond that the credentials Springer seeks are not in their possession, that they would incur a cost to obtain them from DSPS, and that they do not intend to use them as evidence in this suit.

Springer challenges defendants' response on two grounds. First, he says that if defendants hadn't evasively objected to his first two requests, the DSPS website would have had the credentials for the time period Springer sought rather than for the current year, so defendants should incur the cost of requesting the older credentials from DSPS. But defendants' objections were not evasive. The scope of Springer's first request was vague. He

3

didn't explain what he meant by requesting "qualified procedures and practices to perform" under the licenses and registrations he sought, and he didn't specify whose licenses and registrations he was requesting. Springer didn't clarify this ambiguity in his second request, which largely repeated the language of his first request. Springer's third request was clearer (and far narrower), and defendants promptly responded to that request by providing all information available to them from the DSPS website. Defendants' objections to Springer's first two requests were proper, so defendants shouldn't have to bear the cost of requesting their older credentials from DSPS.

Second, Springer says that the credentials he seeks are in defendants' possession. To support this assertion, he offers defendants' statement that they don't intend to request their credentials from DSPS. But this shows only that defendants don't intend to submit their credentials as evidence at trial, not that defendants already possess them, and I cannot compel defendants to produce documents that they don't have.

But there is another way for Springer to get the information he seeks, as he says that he would be satisfied by affidavits stating defendants' credentials. I cannot compel defendants to draft affidavits under Federal Rule of Civil Procedure 34(a), which allows discovery only of documents "in the responding party's possession, custody, or control." But Springer should be able to obtain this information through interrogatories under Rule 33 or requests for admission under Rule 36. Discovery does not end until April 17, 2020, Dkt. 21, at 8, so Springer is free to serve defendants with interrogatories or requests for admission regarding defendants' credentials. Now that Springer has clarified the information he seeks, I expect defendants to respond promptly to any such discovery requests.

didn't explain what he meant by requesting "qualified procedures and practices to perform" under the licenses and registrations he sought, and he didn't specify whose licenses and registrations he was requesting. Springer didn't clarify this ambiguity in his second request, which largely repeated the language of his first request. Springer's third request was clearer (and far narrower), and defendants promptly responded to that request by providing all information available to them from the DSPS website. Defendants' objections to Springer's first two requests were proper, so defendants shouldn't have to bear the cost of requesting their older credentials from DSPS.

Second, Springer says that the credentials he seeks are in defendants' possession. To support this assertion, he offers defendants' statement that they don't intend to request their credentials from DSPS. But this shows only that defendants don't intend to submit their credentials as evidence at trial, not that defendants already possess them, and I cannot compel defendants to produce documents that they don't have.

But there is another way for Springer to get the information he seeks, as he says that he would be satisfied by affidavits stating defendants' credentials. I cannot compel defendants to draft affidavits under Federal Rule of Civil Procedure 34(a), which allows discovery only of documents "in the responding party's possession, custody, or control." But Springer should be able to obtain this information through interrogatories under Rule 33 or requests for admission under Rule 36. Discovery does not end until April 17, 2020, Dkt. 21, at 8, so Springer is free to serve defendants with interrogatories or requests for admission regarding defendants' credentials. Now that Springer has clarified the information he seeks, I expect defendants to respond promptly to any such discovery requests.

Springer hasn't shown that defendants' objections to his initial discovery requests were improper, nor has he shown that defendants have refused to provide responsive documents in their possession, and I cannot compel defendants to draft affidavits in response to a request for production of documents. Accordingly, I will deny Springer's motion.

ORDER

IT IS ORDERED that plaintiff James Springer's motion to compel discovery, Dkt. 47, is DENIED.

Entered January 10, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge